IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LAUREL COCKFIELD and
JAMES T. COCKFIELD, JR.,

    Plaintiffs,

vs.

CIVIL ACTION NO.: CV212-150

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

On February 25, 2014, Defendant filed a "Motion to Exclude Testimony of J. Kevin Brooks, M.D. Pursuant to *Daubert, Kumho Tire*, O.C.G.A. § 24-7-702, And F.R.E. 702, Or For Alternative Relief." (Doc. 64). Plaintiffs filed a response to that Motion on March 4, 2014. This case is scheduled for a non-jury trial on March 6, 2014.

On December 2, 2013, the Court issued an Order granting Defendant's motion in limine to exclude evidence attributing <u>rheumatoid arthritis</u> and fibromyalgia to the subject accident. (emphasis added). However, Dr. Brooks and his partner have since examined Laurel Cockfield and diagnosed her as having plica syndrome and osteoarthritis of her knees.

Defendant states that Plaintiffs scheduled the entirety of Dr. Brooks' trial deposition during a one-hour period and refused Defendant the basic courtesy of leaving the deposition open in the event that the cross-examination could not be completed. Defendant cross-examined Dr. Brooks during the deposition but states that it did not have sufficient time to cross-examine him as its counsel wished. If Defendant's counsel desired to ask Dr. Brooks additional questions, it did not need the consent of Plaintiff's counsel to schedule another deposition of Dr. Brooks.

Dr. Brooks offered testimony on various possible causes of Plaintiff's osteoarthritis and plica syndrome. As Defendant's counsel recognizes, the admission of expert

AO 72A
(Rev. 8/82)

testimony is governed by F.R.E. 702 and the interpretation of that rule provided in Daubert and its progeny. Defendant asserts that Plaintiffs failed to establish that Dr. Brooks is qualified to render an opinion as to the causation of arthritic conditions or knee diseases. Dr. Brooks testified that he is board certified in orthopaedic surgery. That is sufficient.

Defendant asserts that Dr. Brooks' testimony is not based upon sufficient facts or data. Rule 702(b). Dr. Brooks' testimony is based upon his personal examination or examinations by his partner, Dr. Morales. Defendant asserts that Dr. Brooks' testimony is not the product of reliable principles and methods. Rule 702(c). Dr. Brooks' testimony is based upon his review of Ms. Cockfield's medical records. It is unreasonable for Defendant's counsel to expect Dr. Brooks to testify about Ms. Cockfield's treatment based purely upon his own independent recollection.

Defendant asserts that Dr. Brooks fails to establish a causal link between the subject accident of November 9, 2009, and the diagnoses of December 19, 2013. This case will be tried by Chief Judge Wood. In non-jury trials such as this, the trial judge, as the finder of fact, will consider only relevant and admissible testimony. She will disregard any irrelevant and inadmissible testimony.

Under Federal Rule of Evidence 702, district courts perform a "gatekeeping" role concerning the admission of expert testimony. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592–93 (1993). In those instances where there is a non-jury trial, "the gatekeeping purpose of Daubert is not implicated." Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp., 616 F. Supp.2d 1250 (M.D. Fla. 2009); see also United States v. Brown, 415 F.3d 1257, 1269 (11th Cir. 2005) ("There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself."). The Court will allow the introduction of Dr. Brooks' deposition and determine whether to consider his testimony. See, Landstar Global Logistics, Inc. v. Haskins, No. 3:09-cv-11693-J-32JRK, 2011 WL 3584320, at *1 (M.D. Fla. Aug. 15, 2011); In re Salem, 465 F.3d 767, 777 (7th Cir. 2006) ("[W]here the factfinder and the gatekeeper are the same, the court does not

err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702."); Johnson & Johnson Vision Care, 616 F. Supp.2d at 1256 ("Indeed, in the context of a non-jury trial, the district court may allow challenged expert testimony to be presented and then later determine issues of admissibility and reliability.").

Defendant asserts that Dr. Brooks' testimony as to the causation of osteoarthritis and plica syndrome in the knees should be excluded. That portion of the Motion is **DENIED**. The undersigned notes that, during a hearing in this case, it was revealed that Defendant had propounded no interrogatories or requests for production of documents to Plaintiffs. Obviously, Defendant did not take the deposition of Dr. Brooks to ascertain his course of treatment and diagnoses. Perhaps some modicum of discovery by Defendant's counsel would have obviated this last second crisis.

Defendant requests that it be allowed to introduce recognized medical journal articles at trial for the Court's consideration. In the alternative, the Defendant asks that it be allowed to procure an expert witness to refute the allegations of Dr. Brooks. Apparently, Defendant has obtained an expert witness whose deposition has been taken for use at trial. Accordingly, that alternative request is **DISMISSED** as moot.

In their response, Plaintiffs state that Defendant's Motion violates Federal Rule of Civil Procedure 5.2. Plaintiffs state that the deposition of Dr. Brooks, which is attached to the motion, contains information which should not be made available to the public. The Clerk of Court is hereby authorized and directed to **seal** Dr. Brooks' deposition and all attachments thereto.

**SO ORDERED**, this 5th day of March, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE